| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| REBECCA I. MORGAN, | |
|---|---|
| Plaintiff, | CASE NO. 2:16-cv-01052 JRC |
| v. | ORDER ON PLAINTIFF'S COMPLAINT |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 4; Consent to Proceed Before a United States Magistrate Judge, Dkt. 5). This matter has been fully briefed (*see* Dkt. 19, 26, 27).

After considering and reviewing the record, the Court concludes that the ALJ erred in failing to acknowledge that plaintiff was performing a composite job, rather than

two separate DOT occupations of Data Entry Clerk and Mailroom Clerk.  Therefore, despite the repeated remands of this claim on other grounds, because of unresolved issues, this matter must be remanded again for further consideration.

BACKGROUND

Plaintiff, REBECCA I. MORGAN, was born in 1962 and was 38 years old on the alleged date of disability onset of April 1, 2001. *See* AR. 146. Plaintiff graduated from high school. AR. 543. Plaintiff has work experience as a cashier, a "parts racker," a manager, and performing a myriad of tasks in a temporary position at the Department of Social and Human Services (DSHS). AR. 182

According to the ALJ, through the date last insured, the claimant had the following severe impairments: degenerative disc disease of the lumbar spine, compression fracture of T12, degenerative disc disease of the cervical spine, right shoulder tendinitis, fibromyalgia, depressive disorder, and anxiety disorder. AR. 1572; 20 CFR 404.1520(c)).

At the time of the hearing, plaintiff was living with her husband and adult daughter. AR. 545, 555.

PROCEDURAL HISTORY

In June 2005, plaintiff filed an application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act, alleging disability as of April 1, 2001. AR. 146.  Plaintiff's application was denied upon initial administrative review and on reconsideration. *See* AR. 125, 128. Plaintiff had her first

hearing before an ALJ on November 15, 2007, at which plaintiff, represented by counsel, appeared and testified. *See* AR. 538.

On February 20, 2008, the ALJ found plaintiff was not disabled within the meaning of Sections 216(i), 223, and 1614(a)(3)(A) of the Social Security Act. AR. 80-81. Over the next six years, plaintiff's case has since been reversed and remanded by the Appeals Council and by this Court three times and by the Ninth Circuit Court of Appeals once. *See* AR. 84-87, 111-14; Doc. 24; *Morgan v. Colvin*, 531 F.App'x 793, 794 (9th Cir. 2013). Plaintiff has testified at four ALJ hearings, and three ALJs have rendered a total of four decisions. As of the date of this Order, plaintiff's claims have been pending just shy of twelve years from the date plaintiff filed her first application for DIB.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ erred by basing her step four finding on an erroneous determination of plaintiff's past relevant work; (2) Whether or not the ALJ erred in her evaluation of the medical opinion evidence; and (3) Whether or not the proper remedy for the errors in the ALJ's decision is remand for benefits. *See* Dkt. 19, p. 1. Because the Court concludes that issue number one is dispositive, the remainder of the issues raised will be discussed only briefly in order to provide more direction for the ALJ.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

### (1) Whether or not the ALJ erred by basing her step four finding on an erroneous determination of plaintiff's past relevant work.

Plaintiff complains that the ALJ erred when she found that plaintiff has past relevant work as a Data Entry Clerk and Mailroom Clerk because plaintiff in fact worked a composite job which cannot, as a matter of law, be considered at Step 4. For the reasons discussed, the Court agrees with plaintiff's argument that the ALJ committed harmful error in evaluating the composite job at the part of Step 4 considering work as generally performed in the national economy.

At step-four in the evaluation process, the ALJ must determine whether or not a claimant's impairment(s) prevents the claimant from doing past relevant work. *See* 20 C.F.R. § 404.1520(f). If the ALJ finds that the claimant has not shown an incapability of performing past relevant work, the claimant is not disabled for social security purposes and the evaluation process ends. *See id.* Plaintiff bears the burden to establish the inability to perform past work. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (footnote omitted).

In her written decision, the ALJ found that the vocational expert ("VE") described plaintiff's past relevant work as "data entry clerk (DOT 203.582-054, light, SVP4), [and] mailroom clerk (DOT 209.687-026, light, SVP2)[.]" AR. 1584. However, although the VE testified that plaintiff performed "two distinct things…data entry and she did

mailroom," the record demonstrates that plaintiff never held a job as a data entry clerk or mailroom clerk. *See* AR. 1555. Rather, plaintiff worked for the Department of Social and Human Services ("DSHS") at which she "entered stuff into a computer part of the day; and answered phones, and [sent] the clients to the officers that they needed to talk to; and then, part of the day [worked] in the mailroom stuffing envelopes and prepping them to be sent out to people." AR. 544.

Plaintiff argues that her "work at DSHS was a composite job." *See* Opening Brief, Dkt. 19, pp. 5-8 (*citing* SSR 82-61)). She therefore contends plaintiff did not as a matter of law, have past relevant work as generally performed. *Id*.; *see also* POMS DI § 25005.020(B), available at https://secure.ssa.gov/poms.nsf/lnx/0425005020, last visited 05/31/2017("When comparing the claimant's RFC to a composite job as it was performed, find the claimant capable of performing the composite job only if he or she can perform all parts of the job. A composite job will not have a DOT counterpart, so do not evaluate it at the part of step 4 considering work 'as generally performed in the national economy.'") Defendant concedes "that the ALJ should not have considered [p]laintiff's past relevant work for DSHS as two separate jobs," but further argues that notwithstanding this error, plaintiff performed past relevant work as a data entry clerk. *See* Defendant's Brief, Dkt. 26, p. 6. The Court disregards defendant's post hoc argument and concludes the ALJ erred.

According to the internal Social Security guideline, the POMS, "composite jobs have significant elements of two or more occupations and as such, have no counterpart in the DOT." POMS DI § 25005.020(B), available at

https://secure.ssa.gov/poms.nsf/lnx/0425005020, last visited 05/31/2017. According to the POMS, if the ALJ "can accurately describe the main duties of [past relevant work] only by considering multiple DOT occupations, the claimant may have performed a composite job." *Id.* Here, the past relevant work under discussion is plaintiff's job at DSHS. Plaintiff testified, and the VE acknowledged, that plaintiff's job duties included "enter[ing] stuff into a computer part of the day; and answer[ing] phones, and [sending] clients to the officers that they needed to talk to; and then part of the day [working]…in the mailroom stuffing envelopes and preparing them to be sent out to people." AR. 544; *see also* AR. 1550. It is very clear that plaintiff's work at DSHS was not solely as a "Data Entry Clerk" or "Mailroom Clerk." Rather, it appears that the only way that the "main duties" of this work can be described accurately is by considering two or more separate DOT occupations. According to the POMS, in this instance, plaintiff "may have performed a composite job." POMS DI § 25005.020(B), available at https://secure.ssa.gov/poms.nsf/lnx/0425005020, last visited 05/31/2017. Also according to the POMS, when a claimant has past relevant work that most accurately is categorized as a composite job, there is no DOT counterpart, therefore, the ALJ should "not evaluate it at the part of step 4 considering work 'as generally performed in the national economy.'" *Id.*

According to the Supreme Court, "the rulings, interpretations and opinion of the Administrator under this Act, while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Skidmore v. Swift & Co.*, 323 U.S. 134, 140

(1994). Although the Court was discussing a different agency, the opinions of the Social Security Administration in the POMS equally can provide guidance to the Court. *See Id.*

The ALJ made no finding that plaintiff could perform her past relevant work as a temporary employee at DSHS and did not find that she could do all of the varied duties of that past relevant work. *See* AR. 1584-85. Instead, the ALJ identified "two separate DOT occupations for [plaintiff]'s work at DSHS" and failed to acknowledge the composite-job rule. S*ee Id*. Defendant's attempt to resurrect the ALJ's error with a post hoc argument that plaintiff has past relevant work as generally performed as a data entry clerk because "she spent the majority of her time entering information on a computer," must be disregarded by the Court. *See Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009)( "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.")

Therefore, for the reasons stated, the Court concludes that the ALJ's finding that plaintiff had past relevant work as a Data Entry Clerk and Mailroom Clerk is not supported by substantial evidence in the record as a whole.

The Court also concludes that the error is not harmless error. The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth

Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate non-disability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). Courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

Here, the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act because she found that she was capable of performing past relevant work as a Data Entry Clerk and Mailroom Clerk. AR.1584-85. However, as agreed by both parties and identified by the VE, the plaintiff actually held past relevant work that is a composite of two or more separate occupations. While the ALJ is permitted to consider the "skills [plaintiff] gained from a skilled or semiskilled composite job to adjust to other work" at Step 5, she is not permitted to evaluate the composite job at the part of Step 4 considering work "as generally performed in the national economy." *See* POMS DI § 25005.020(B), available at https://secure.ssa.gov/poms.nsf/lnx/0425005020, last visited 05/31/2017. Because the ALJ erred in this regard, plaintiff does not have past relevant work as generally performed and this finding is not based on substantial evidence in the record as a whole. As this finding is the basis for the ultimate finding regarding non-disability, the error is not harmless.

**(2) Did the ALJ properly comply with the Ninth Circuit's Order in evaluating medical evidence?**

The Court already has concluded that this matter should be reversed and remanded for further consideration, *see supra*, sections 1. For this reason, the other issues raised by plaintiff will not be evaluated fully herein. *See* Opening Brief, ECF No. 19, pp. 1, 10-19.

However, the Court notes that the ALJ failed to credit fully the medical opinions of Drs. Ihle and Olson in accordance with *Benecke v. Barnhart,* 379 F.3d 587 (9th Cir. 2004), holding "non examining doctors are entitled to less weight than doctors who treated or examined" a claimant. The ALJ failed to follow this precedent when she failed to afford deference to Drs. Ihle and Olson on the bases that their opinions were retrospective and that plaintiff was stable during their treatment of her. *See* AR. 1581-82. As a matter of law, medical opinions should not be disregarded on the basis that they are rendered retrospectively. *See Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988). A claimant may be found disabled during a time period for which there is no contemporaneous evidence. *See* SSR 83-20. Here, the ALJ erred in disregarding these medical opinions without a finding that plaintiff's condition deteriorated after her date last insured such that the doctors' clinical data was not relevant to their retrospective assessments. *See* AR. 1581-82.

Additionally, the ALJ erred as a matter of law in failing to credit fully the doctors' opinions because plaintiff's "condition was stable." *See* AR. 1582. The Ninth Circuit provides that "doing well for the purposes of a treatment program has no necessary relation to a claimant's ability to work or to her work-related functional capacity."

*Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014)(citing *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001). Here, the ALJ erred when she found that the opinions of Drs. Ihle and Olson were not helpful because plaintiff's pain was stable from April to May 2008. *See* AR. 1582. The Court concludes this is not a specific and legitimate reason for failing to credit fully the doctors' opinions and is therefore an error.

**(3) Whether this matter should be reversed and remanded for further administrative proceedings or with a direction to award benefits**.

Plaintiff argues that she should be found disabled by this Court, however, defendant contends that remand for further proceedings is the appropriate remedy.

Plaintiff's applications for benefits have been pending for nearly twelve years, reviewed by three ALJs four separate times, remanded to ALJs by the Appeals Counsel and this Court three times, and remanded by the Ninth Circuit Court of Appeals once. *See* AR. 84-87, 111-14; Doc. 24; *Morgan v. Colvin*, 531 F.App'x 793, 794 (9th Cir. 2013). With every remand, the record in the case appears to have become more convoluted with little apparent benefit. This procedural posture strongly resembles the "'heads we win; tails, let's play again' system of disability benefits adjudication" which has been roundly criticized by the Ninth Circuit. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

However, the Court is mindful of the fact that a remand for an award of benefits is only permitted in "rare circumstances . . . where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." *Treichler v. Comm'r, Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014). Because

administrative proceedings would be useful, an award of benefits is not appropriate at this time. For example, on remand the ALJ will need to reevaluate the RFC and obtain additional testimony from the VE based on the new RFC. *See* Supra, Sections 1, 2. These findings may show that there are other jobs in the national economy that plaintiff can perform and therefore would not be found disabled. Thus, the Court has doubts as to whether plaintiff is in fact disabled and cannot award benefits at this time. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014)("courts [are required] to remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled.")

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 19th day of June, 2017.

J. Richard Creatura
United States Magistrate Judge